UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD H. GOLDSTEIN, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )    Case No. 14-cv-02186 (APM) <br> ) |
| INTERNAL REVENUE SERVICE, | ) <br> ) |
| Defendant. | ) <br> ) |

# ORDER

Once more, the court confronts Plaintiff Richard H. Goldstein's indefatigable pursuit of records concerning a whistleblower claim that he filed with Defendant Internal Revenue Service ("IRS") in 2006. This time, Plaintiff has filed a motion seeking reconsideration of that portion of the court's Memorandum Opinion and Order, issued on September 29, 2017, in which the court held that records relating to the agency's investigation of Plaintiff's whistleblower claim were exempt from disclosure because they qualify as "return information," as defined in under 26 U.S.C. § 6103. *See* Pl.'s Mot. for Recons. & Request for Judicial Notice, ECF No. 74 [hereinafter Pl.'s Mot.], Mem. of Points & Authorities, ECF No. 74-1 [hereinafter Pl.'s Mem.], at 1–6. In particular, Plaintiff claims the court committed error by not ordering disclosure of "e-mails known to be in the possession of the IRS Whistleblower Office which specifically describe the dates, times and locations of meetings that Plaintiff's former whistleblower attorney, David Capes, had with local IRS criminal investigation division employees from 2007–2008." *Id.* at 1; *see id.* at 3, 24.

Plaintiff moves for reconsideration under Federal Rule of Civil Procedure 54(b), *see* Pl.'s Mem. at 6, as the court's Memorandum Opinion and Order issued on September 29, 2017, is neither a final judgment nor a final order with respect to the challenge that Plaintiff now makes, *see id.* at 24 (asking the court to reconsider its September 29, 2017 decision as to Item 8 of Plaintiff's FOIA request); *Goldstein v. IRS*, 279 F. Supp. 3d 170, 184–86 (D.D.C. 2017) ("*Goldstein II*") (refusing to enter summary judgment in Defendant's favor as to Item 8 due to "a factual gap in the record" and remanding to the agency for further consideration consistent with the court's Memorandum Opinion).[1] "Under Rule 54(b), a court may grant relief 'as justice requires,'" *Ofisi v. BNP Paribas, S.A.*, 285 F. Supp. 3d 240, 243 (D.D.C. 2018) (quoting *Capitol Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217, 227 (D.C. Cir. 2011)), which means the court must determine whether "reconsideration is necessary under the relevant circumstances," *id.* (internal quotation mark omitted). "[I]n general, a court will grant a motion for reconsideration of an interlocutory order only when the movant demonstrates: (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order." *Murphy v. Exec. Office for U.S. Attorneys*, 11 F. Supp. 3d 7, 8 (D.D.C. 2014), *aff'd*, 789 F.3d 204 (D.C. Cir. 2015) (internal quotation marks omitted).

Through the blizzard of words that is Plaintiff's Motion, the court discerns three grounds for reconsideration. First, Plaintiff contends that IRS Publication 5251, which was not previously before the court, establishes that Section 6103 does *not* shield from disclosure materials relating to the "intake" phase of a whistleblower's claim; in other words, he argues, intake materials do not

---

[1] *See generally Cobell v. Jewell*, 802 F.3d 12, 19 (D.C. Cir. 2015) (distinguishing motions for reconsideration brought under Rule 54(b), which pertain to interlocutory orders, from motions for reconsideration brought under Rule 59(e), which are filed "only *after* the district court's entry of a final judgment"); *Lucas v. District of Columbia*, 214 F. Supp. 3d 1, 4 (D.D.C. 2016) ("[I]nasmuch as plaintiff seeks reconsideration of a non-final order, Federal Rule of Civil Procedure 54(b) governs, not Rule 60(b).").

constitute "return information" as defined by Section 6013 and therefore should be produced. *See* Pl.'s Mem. at 9–10, 16–17. Second, Plaintiff offers a 42-page declaration (including exhibits) from a former IRS employee, Robert Gardner, which details Gardner's efforts to secure information about Plaintiff's whistleblower claim. *See id.* at 10–12; *see also* Pl.'s Mot., Ex. A, ECF No. 74-2 [hereinafter Ex. A]. And, third, he points to a different FOIA case against the IRS, *Crestek v. IRS*, Case No. 1:17-cv-00200 (D.D.C.), in which he claims that the IRS has taken a conflicting position with respect to Exemption 6 than it has here. *See* Pl.'s Mem. at 17–22. That different position, Plaintiff maintains, bolsters the public interest in the records at issue here, which concern a whistleblower's "informational rights." *See id.* at 22. None of these contentions, however, move the court to alter its previous decision.

Publication 5251 is a three-page IRS guidance that provides a general overview of the "whistleblower claim process" and answers common questions concerning such claims. *See* Ex. A at 34–36. Publication 5251 does not support reconsideration for two reasons. First, the IRS issued the version of Publication 5251 that Plaintiff cites in August 2016. *See id.* at 34. Thus, Publication 5251 was available to Plaintiff when he responded to the IRS's second motion for summary judgment, filed on February 2, 2017, *see* ECF No. 52. The court need not grant reconsideration based on arguments that were previously available, but not made, and the court does not find that "justice requires" otherwise here. *See Wesberry v. United States*, No. 15-cv-0825, 2018 WL 1524744, at *6 (D.D.C. Mar. 28, 2018) ("[I]t is well-established that motions for reconsideration [under Rule 54(b)] cannot be used as an opportunity to reargue facts and theories upon which a court has already ruled, nor as a vehicle for presenting theories or arguments that could have been advanced earlier.").

Second, Publication 5251 does not, as Plaintiff insists, show that the court committed clear error. If anything, it confirms the breadth of Section 6103 and the limited information available to a whistleblower. The guidance states that, "[i]n general, the Whistleblower Office may only tell whistleblowers if their claim is open or closed." Ex. A at 35. The Office may also report whether an award is payable and whether a claim was rejected or denied. *See id.* All other information is off limits: "The Whistleblower Office will not disclose to whistleblowers whether the IRS took actions such as an audit, a collection proceeding, or a criminal investigation. In addition, the whistleblower office will not disclose the results of any actions from a taxpayer case to a whistleblower." *Id.* In light of this broad restriction on disclosure, it is mystifying why Plaintiff would think that Publication 5251 demonstrates clear error. This court held that, unless perfected, Plaintiff is not entitled to information regarding the whistleblower investigation, including the dates, times, and locations of meetings, because it qualifies as protected "return information" under Section 6103. *See Goldstein II*, 279 F. Supp. 3d at 184–86. Publication 5251 does not compel a different result.

The Gardner declaration likewise does not warrant reconsideration. None of the facts set forth by Gardner constitute "new evidence," as is typically required to justify altering the court's decision under Rule 54(b). *See, e.g.*, *United States v. All Assets at Bank Julius, Baer & Co., Ltd.*, No. 04-cv-0798, 2018 WL 1617693, at *4–5 (D.D.C. Apr. 4, 2018). Nor does any fact set forth in Gardner's declaration show that the court's decision was clear error.[2]

---

[2] To be sure, a court may elect to grant a Rule 54(b) motion for reconsideration—even where there has been no intervening change in law, discovery of new evidence, or clear error of law in the prior order—"if there are other good reasons for doing so," such as where the court "has patently misunderstood a party, has made a decision outside the adversarial issues presented to the [c]ourt . . ., [or] has made an error not of reasoning but of apprehension." *Id.* at *5 (third alteration in original) (internal quotation marks omitted). None of those factors, however, are present here.

4

Plaintiff's reliance on *Crestek v. IRS* is equally bewildering. As noted, Plaintiff argues that the IRS's alleged inconsistent position in *Crestek* bears on the public interest in the whistleblower investigatory records at issue in this case. But Section 6103 operates through FOIA Exemption 3, *see Church of Scientology of Cal. v. IRS*, 792 F.2d 146, 149 (D.C. Cir. 1986), and Exemption 3 requires no public-private balancing, *see* 5 U.S.C. § 552(b)(3) (allowing an agency to withhold records that are "specifically exempted from disclosure by statute"). *Crestek* is thus irrelevant to this case.

Finally, the court addresses the IRS's Cross-Motion for Clarification of the court's ruling concerning Item 8 of Plaintiff's FOIA request. *See* Def.'s Br. in Opp'n to Pl.'s Mot. for Recons. & in Supp. of Def.'s Cross-Mot. for Clarification, or in the Alternative, Mot. for Recons., ECF No. 77, at 11–13. The IRS asks "whether this Court is ordering the [IRS] to bear the burden that the law places on requesters by submitting a declaration, if appropriate, that proves the *absence* of Plaintiff's perfectable interest." *Id.* at 12. The court makes no such demand of the IRS. Its order is straightforward: Plaintiff is entitled to records responsive to Item 8 if he can demonstrate a "material interest" in those records per the IRS Code and attendant regulations. *See* 26 U.S.C. § 6103(e)(1)(E); *Goldstein II*, 279 F. Supp. 3d at 184–86. The court understands Plaintiff to have perfected his request as to the records of certain taxpayers, such as the Samuel R. Goldstein Estate, *see Goldstein II*, 279 F. Supp. 3d at 178, 186, and the Samuel R. Goldstein Living Trust, *see id.* at 180–81, 186. On the other hand, Plaintiff has not demonstrated a material interest as to certain other taxpayer records, such as those of the SRG Investment Limited Partnership, *see id.* at 182–83. Only the IRS knows, however, whether the investigative records responsive to Item 8 relate to a taxpayer as to whom Plaintiff has demonstrated a material interest. *See id.* at 186 ("The court cannot determine from the present record which specific taxpayers were the subject of the meetings

5

at issue and, correlatively, whether Plaintiff can perfect his request as to any meeting."). The agency, therefore, should determine whether any Item 8 records concern a taxpayer as to whom Plaintiff has made a perfected request. If they do, such records should be released to Plaintiff, unless their disclosure would reveal an examination or other inquiry of a taxpayer as to whom Plaintiff does not have a perfected interest.

In summary, the court is not asking the IRS to prove that Plaintiff lacks a material interest as to any particular taxpayer's records responsive to Item 8. Rather, the IRS simply must determine whether any responsive records relate to any taxpayers for whom Plaintiff already has carried his burden of demonstrating a material interest and release those records, as appropriate. If Plaintiff has not carried his burden of demonstrating a material interest as to another taxpayer's records, the IRS need not disclose the otherwise responsive information.

For the foregoing reasons, Plaintiff's Motion for Reconsideration, ECF No. 74, is denied, and the IRS's Cross-Motion for Clarification, ECF No. 77, is granted. The IRS shall file a status report no later than July 25, 2018, that updates the court on the release of records, if any, that are responsive to Item 8.

Dated: June 25, 2018

Amit P. Mehta
United States District Judge